NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ANGELO DELPRIORE,
Jr., AKA Michael A. Delpriore, Jr.,

Defendant - Appellant.

No. 23-481

D.C. No.
3:18-cr-00136-SLG-MMS-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted December 5, 2024
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and WU, Senior District
Judge.**

Appellant Michael A. Delpriore, Jr. appeals his conviction on four federal

drug and firearm felony charges solely on the basis that the district court erred in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George H. Wu, United States Senior District Judge for
the Central District of California, sitting by designation.

denying his pre-trial motion to suppress, which claimed numerous Fourth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We review the district court's denial of a motion to suppress *de novo* and review its factual findings for clear error. *United States v. Arreguin*, 735 F.3d 1168, 1174 (9th Cir. 2013); *United States v. Diaz*, 491 F.3d 1074, 1077 (9th Cir. 2007).

1. The district court did not clearly err in its factual findings in its decision to deny the motion to suppress, which are supported by substantial evidence admitted at the suppression hearings.[1] This evidence included a video taken by a dash camera onboard Officer Ryan Proegler's patrol car which recorded the initial portion of the encounter between Delpriore and officers from the Anchorage Police Department ("APD").

2. The district court did not err in ruling that Delpriore's arrest was supported by probable cause. A warrantless arrest of an individual in public for committing a misdemeanor in an officer's presence comports with the strictures of the Fourth Amendment if the arrest is supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003).

When Delpriore was stopped in 2018, the Alaska Division of Motor Vehicles was required by law to issue two license plates to each registered passenger vehicle,

---

[1] The district court accepted and adopted portions of the magistrate judge's "Statements of Facts" set forth in the first and second Final Report and Recommendation.

one of which was required to be displayed on the front of the automobile and the other on the rear.[2] Alaska Stat. § 28.10.161(a) (1978); Alaska Stat. § 28.10.171(a). Failure to display license plates in the manner delineated in § 28.10.171 is classified as a misdemeanor under Alaska law, punishable by a $500 fine and 90 days imprisonment. Alaska Stat. § 28.90.010(a)–(b); *see Hamilton v. State*, 59 P.3d 760, 765 (Alaska Ct. App. 2002).

Delpriore testified at the suppression hearing that, immediately before he was stopped by the APD officers, he was driving his red Mustang out of the parking lot of an apartment complex with the intention of entering the public roadway. Officer Proegler observed him doing so and also saw that the Mustang was missing a front license plate. Therefore, the circumstances of the stop gave rise to a sufficient probability that Delpriore violated, or was attempting to violate, § 28.10.171, which is all that is required under the probable cause standard.[3] *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an

---

[2] Alaska law has since changed. Today, passenger vehicles registered in Alaska are issued just one license plate, which must be displayed on the rear of the automobile. Alaska Stat. § 28.10.161(a) (2023); Alaska Stat. § 28.10.171(a).

[3] Although Delpriore argued that the Alaska Supreme Court and the local Anchorage Municipal Code treated the failure to display a front license plate as a non-arrestable offense, a state's decision to regulate arrests for particular crimes does not alter the scope of the Fourth Amendment's protections. *See Virginia v. Moore*, 553 U.S. 164, 173–76 (2008).

individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). Thus, the stop of Delpriore's Mustang, Delpriore's arrest, and the subsequent searches and seizures were all supported by probable cause.[4]

3. The district court did not err in ruling that suppression of the evidence for purported outrageous police conduct was unwarranted. "Unnecessary destruction of property or use of excessive force can render a search unreasonable." *United States v. Ankeny*, 502 F.3d 829, 836 (9th Cir. 2007). To determine whether the officers' actions were reasonable, we must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

---

[4] Though the district court found the stop and arrest justified based on Delpriore's attempted violation of § 28.10.171, the APD officers initially stopped Delpriore in the course of investigating a possible auto theft operation and ultimately arrested him for resisting and/or interfering with the police. At all operative times, however, Officer Proegler was aware that Delpriore's Mustang was missing a front license plate. Where the objective facts known to an officer provide a sufficient basis for probable cause, "'the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.'" *Whren v. United States*, 517 U.S. 806, 813 (1996) (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978)).

Because we find Delpriore's stop, arrest, searches, and seizures by the APD officers to be supported by probable cause as to an attempted violation of § 28.10.171, we need not address the parties' various arguments concerning reasonable suspicion for initially detaining Delpriore in regard to vehicle theft.

The district court correctly concluded that "it was Mr. Delpriore's continued refusal to obey the officers' commands that escalated the situation and caused the standoff in the parking lot." Only after Delpriore had moved his car multiple times did an officer's vehicle make slight contact with the Mustang. Moreover, while the officers drew their handguns, it was only after Delpriore's continued movement of his car and his failure to comply with instructions. During the standoff, Delpriore not only refused to exit his car but also frequently moved his hands where the officers could not see what he was doing. No shots were fired, and the officers never deployed the 40mm less-lethal impact launcher that they warned him about.

**AFFIRMED.**